UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| DARNELL DUKES, | CIVIL NO. 09-1463-L(WVG) |
|---|---|
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (Doc. # 61) |
| v. | |
| K. SPENCE, et al., | |
| Defendants. | |

On October 21, 2011, Plaintiff filed a Motion for Appointment of Counsel. Plaintiff claims that he is entitled to the appointment of counsel because he cannot afford to pay counsel, has limited access to the law library, has limited time to study available legal materials and conduct legal research, has no knowledge of the Federal Rules, and has no legal education. Further, he alleges that he has been diagnosed with brain damage, is being deprived of needed medication, and continues to suffer from various neurological symptoms.

1    Defendants filed an Opposition to Plaintiff's Motion.
2 Defendants argue that there are no exceptional circumstances present
3 to justify appointment of counsel for Plaintiff in this case.
4    "[T]here is no absolute right to counsel in civil proceedings."
5 Hedges v. Resolution Trust Corp. (In re Hedges), 32 F.3d 1360, 1363
6 (9th Cir. 1994) (citation omitted). Thus, federal courts do not have
7 the authority "to make coercive appointments of counsel." Mallard
8 v. United States District Court, 490 U.S. 296, 310 (1989); see also
9 United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 569 (9th
10 Cir. 1995). Districts courts have discretion, however, pursuant to
11 28 U.S.C. § 1915(e)(1),[1] to "request" that an attorney represent
12 indigent civil litigants upon a showing of exceptional
13 circumstances. See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.
14 1991); Burns v. County of King, 883 F.2d 819, 823 (9th Cir. 1989).
15 "To show exceptional circumstances the litigant must demonstrate the
16 likelihood of success and complexity of the legal issues involved."
17 Burns, 883 F.2d at 823 (citation omitted); Hedges, 32 F.3d at 1363;
18 Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990).  Neither
19 the likelihood of success nor the complexity of the case are
20 dispositive; both must be considered. Terrell, 935 F.2d at 1017;
21 Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).
22    Here, Plaintiff does not present any evidence that he is likely
23 to prevail in this case. In fact the contrary appears to be true.
24 [Declaration of Janine K. Jeffrey In Opposition To Plaintiff's

---

[1] 28 U.S.C. § 1915 was substantially amended by the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, Title VIII, §§ 801-10, 110 Stat. 1321-66 to 1321-77 (1996). Section 1915(e)'s counsel provisions were formerly codified at 28 U.S.C. § 1915(d).

1 Motion For Appointment of Counsel, hereafter "Jeffrey Dec.", Exh. A, 2 (Plaintiff's Deposition), at 25, 27-28, 32, 35-37, Exhs. B, C].

3   Further, Plaintiff has been able to articulate his claims, 4 which do not present complex legal issues. Plaintiff claims that he 5 was beaten by Defendants after he was handcuffed. His case does not 6 present any complex legal issues.

7   On June 4, 2010, Petitioner attended a settlement conference in 8 which he spoke with the Court. Plaintiff spoke clearly about his 9 claims and their potential for success. The Court did not discern 10 any problems with Plaintiff's cognitive abilities and observed that 11 Plaintiff had a good grasp of the legal issues involved in this 12 case.

13   Moreover, the Court presumes that Plaintiff will be able to 14 testify at trial and call witnesses on his behalf. This is true 15 especially in light of the fact that on March 1, 2011, Plaintiff 16 represented himself in a bench trial, wherein he caused the Court to 17 subpoena witnesses to testify on his behalf and cross-examined 18 witnesses. (Jeffrey Dec. at 2-3).

19   Finally, Plaintiff's assertion that doctors diagnosed him with 20 brain damage due to Defendants' use of excessive force on him is 21 belied by the evidence presented to the Court. (Jeffrey Dec., Exhs. 22 B, C, D, E, F). Likewise, his assertion that he is not receiving his 23 prescribed medications is also belied by the evidence presented to 24 the Court. (Jeffrey Dec., Exhs. D, F, G, J, K, L, M). Instead, it 25 appears that Plaintiff disagrees with the dosages of medications he 26 has been prescribed, despite having discussed the dosages with his 27 doctors.

28

Under these circumstances, the Court DENIES Plaintiff's Motion for Appointment of Counsel because it is not warranted by the interests of justice. <u>LaMere v. Risley</u>, 827 F.2d 622, 626 (9th Cir. 1987).

DATED: December 13, 2011

_____
Hon. William V. Gallo
U.S. Magistrate Judge