1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11   DARNELL DUKES,                      CIVIL NO. 09-1463-L(WVG)

12                    Plaintiff,         ORDER DENYING PLAINTIFF'S
                                         MOTION FOR APPOINTMENT OF
13   v.                                  COUNSEL (Doc. # 61)

14   K. SPENCE, et al.,

15                    Defendants.

16

17

18       On October 21, 2011, Plaintiff filed a Motion for Appointment

19   of Counsel.  Plaintiff claims that he is entitled to the appointment

20   of counsel because he cannot afford to pay counsel, has limited

21   access to the law library, has limited time to study available legal

22   materials and conduct legal research, has no knowledge of the

23   Federal Rules, and has no legal education. Further, he alleges that

24   he has been diagnosed with brain damage, is being deprived of needed

25   medication, and continues to suffer from various neurological

26   symptoms.

27

28

1   Defendants filed an Opposition to Plaintiff's Motion.
2   Defendants argue that there are no exceptional circumstances present
3   to justify appointment of counsel for Plaintiff in this case.

4   "[T]here is no absolute right to counsel in civil proceedings."
5   Hedges v. Resolution Trust Corp. (In re Hedges), 32 F.3d 1360, 1363
6   (9th Cir. 1994) (citation omitted). Thus, federal courts do not have
7   the authority "to make coercive appointments of counsel." Mallard
8   v. United States District Court, 490 U.S. 296, 310 (1989); see also
9   United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 569 (9th
10  Cir. 1995). Districts courts have discretion, however, pursuant to
11  28 U.S.C. § 1915(e)(1),[1/] to "request" that an attorney represent
12  indigent civil litigants upon a showing of exceptional
13  circumstances. See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.
14  1991); Burns v. County of King, 883 F.2d 819, 823 (9th Cir. 1989).
15  "To show exceptional circumstances the litigant must demonstrate the
16  likelihood of success and complexity of the legal issues involved."
17  Burns, 883 F.2d at 823 (citation omitted); Hedges, 32 F.3d at 1363;
18  Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990). Neither
19  the likelihood of success nor the complexity of the case are
20  dispositive; both must be considered. Terrell, 935 F.2d at 1017;
21  Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).

22  Here, Plaintiff does not present any evidence that he is likely
23  to prevail in this case. In fact the contrary appears to be true.
24  [Declaration of Janine K. Jeffrey In Opposition To Plaintiff's

25

26

_____

27   [1/]   28 U.S.C. § 1915 was substantially amended by the Prison Litigation
     Reform Act of 1995, Pub. L. No. 104-134, Title VIII, §§ 801-10, 110 Stat. 1321-66
28   to 1321-77 (1996).  Section 1915(e)'s counsel provisions were formerly codified
     at 28 U.S.C. § 1915(d).

Motion For Appointment of Counsel, hereafter "Jeffrey Dec.", Exh. A, (Plaintiff's Deposition), at 25, 27-28, 32, 35-37, Exhs. B, C].

Further, Plaintiff has been able to articulate his claims, which do not present complex legal issues. Plaintiff claims that he was beaten by Defendants after he was handcuffed. His case does not present any complex legal issues.

On June 4, 2010, Petitioner attended a settlement conference in which he spoke with the Court. Plaintiff spoke clearly about his claims and their potential for success. The Court did not discern any problems with Plaintiff's cognitive abilities and observed that Plaintiff had a good grasp of the legal issues involved in this case.

Moreover, the Court presumes that Plaintiff will be able to testify at trial and call witnesses on his behalf. This is true especially in light of the fact that on March 1, 2011, Plaintiff represented himself in a bench trial, wherein he caused the Court to subpoena witnesses to testify on his behalf and cross-examined witnesses. (Jeffrey Dec. at 2-3).

Finally, Plaintiff's assertion that doctors diagnosed him with brain damage due to Defendants' use of excessive force on him is belied by the evidence presented to the Court. (Jeffrey Dec., Exhs. B, C, D, E, F). Likewise, his assertion that he is not receiving his prescribed medications is also belied by the evidence presented to the Court. (Jeffrey Dec., Exhs. D, F, G, J, K, L, M). Instead, it appears that Plaintiff disagrees with the dosages of medications he has been prescribed, despite having discussed the dosages with his doctors.

1       Under these circumstances, the Court DENIES Plaintiff's Motion

2   for Appointment of Counsel because it is not warranted by the

3   interests of justice. <u>LaMere v. Risley</u>, 827 F.2d 622, 626 (9th Cir.

4   1987).

5

6

   DATED:  December 13, 2011

7

8                                                _____

9                                                Hon. William V. Gallo

                                             U.S. Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28