UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARNELL DUKES,<br><br>       Plaintiff,<br><br>v.<br><br>K. SPENCE, et al.,<br><br>       Defendants. | CIVIL NO. 09-1463-L(WVG)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR SANCTIONS AND FOR FOR APPOINTMENT OF COUNSEL (Doc. # 70) |

  On December 13, 2011, the Court denied Plaintiff's Motion for Appointment of Counsel. In the Motion, Plaintiff claimed that he was entitled to the appointment of counsel because he could not afford to pay counsel, had limited access to the law library, had limited time to study available legal materials and conduct legal research, had no knowledge of the Federal Rules, and had no legal education. Further, he alleged that he had been diagnosed with brain damage, was being deprived of needed medication, and continued to suffer from various neurological symptoms.

  Defendants filed an Opposition to Plaintiff's Motion. Defendants argued that there were no exceptional circumstances

present to justify appointment of counsel for Plaintiff in this case. Further, Defendants' counsel provided the Court with evidence relating to Plaintiff's alleged brain damage and his alleged medication deprivation.

On December 29, 2011, Plaintiff filed "Plaintiff's Reply To Defendant's Ex Parte Application For An Order To Reopen Discovery and Delay Briefing on Plaintiff's Request for Appointment of Counsel.[1/] However, a fair reading of the Plaintiff's "Reply" is that again Plaintiff seeks appointment of counsel and sanctions against Defendants' counsel. Plaintiff's December 29, 2011 "Reply" will be referred to as "Motion."

Plaintiff's Motion seeks sanctions against Defendants' counsel due to her alleged misrepresentations contained in documents she filed with the Court. First, Plaintiff claims that Defendants' counsel stated, "discovery closed on June 7, 2011 and as of that date, defense counsel was not aware of any *diagnoses* that Plaintiff had brain damage." (Motion at 1-2) (emphasis added). Second, Plaintiff claims that prior to June 7, 2011, Defendants' counsel already had possession of Plaintiff's medical files, and at his deposition on April 21, 2010, he stated that he was deprived of much needed prescribed medication regarding brain damage. Further, Plaintiff contends that his May 26, 2010 settlement brief served on Defendants' counsel mentioned his brain damage. (Motion at 2). Plaintiff concludes that "defense counsel... purposely used means of deceit and manipulation of the discovery process and other

---

[1/] On November 3, 2011, Defendants' *Ex Parte* Motion for Order To Reopen Discovery and Delay Briefing on Plaintiff's Motion for Appointment of Counsel was granted. Discovery was reopened for the sole purpose of allowing Defendants' counsel to subpoena Plaintiff's medical records to oppose Plaintiff's Motion for Appointment of Counsel.

misconduct in order to keep (him) at a disadvantage by any necessary means." (Motion at 2).

The Court finds that Plaintiff's counsel's comments in these regards were not false. In the December 13, 2011 Order Denying Plaintiff's Motion for Appointment of Counsel, the Court found that Defendants' counsel provided to it substantial evidence that belied Plaintiff's assertions that he suffered brain damage due to Defendants' use of excessive force on him. In fact, in the evidence provided by Defendants' counsel, there was no such *diagnosis*. Further, the Court found that Plaintiff's assertion that he was not receiving his prescribed medication was belied by the evidence presented by Defendants' counsel. Therefore, the Court finds that Defendants' counsel did not "purposely use means of deceit and manipulation of the discovery process and other misconduct in order to keep Plaintiff at a disadvantage by any means necessary." As a result, Plaintiff's Motion for Sanctions is DENIED.

Additionally, since Plaintiff's Motion does not provide any further information regarding his alleged entitlement to an appointed attorney, Plaintiff's Motion for Appointment of Counsel is DENIED.

DATED: January 5, 2012

_____
Hon. William V. Gallo
U.S. Magistrate Judge